Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50428 | **DATE** | 6/19/2003 |
| **CASE TITLE** | CLARKE vs. McHENRY COUNTY SHERIFF, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Horizons Behavioral Care's motion to dismiss is granted and defendants Nygren and Steward's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JUN 19 2003 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 6-19-03 date mailed notice |
| /SEC | courtroom deputy's initials | SW mailing deputy initials |

Date/time received in central Clerk's Office

# MEMORANDUM OPINION AND ORDER

The plaintiff, Brian R. Clarke, was a pre-trial detainee at the McHenry County Correctional Facility on November 22, 1999. Clarke alleges that while he was showering, a sudden unexpected burst of extremely hot water sprayed from the showerhead, severely scalding him on and around the leg and groin area. Clarke filed this action pursuant to 42 U.S.C. § 1983. Keith Nygren, Sheriff of McHenry County, the Chief of Corrections Steward, the doctor and nurse who treated the plaintiff, and Horizons Behavioral Care have all been named as defendants. Horizons Behavioral Care moved to dismiss due to the lack of respondeat superior liability under § 1983, while Nygren and the Chief of Corrections Steward have moved to dismiss for failure to state a claim. Jurisdiction is proper under 28 U.S.C. § 1331.

Under § 1983, "it is well-established that there is no respondeat superior liability." Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 766 (7th Cir. 2002). In addition to municipal entities, this principle also applies to private corporations. Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982) ("[A] private corporation is not responsible for its employees' deprivations of others' civil rights."). In order to successfully pursue a § 1983 claim against an entity (private or otherwise), "a plaintiff must demonstrate that a constitutional deprivation occurred as the result of an express policy or custom of the government unit." Jackson at 766. See also McTigue v. City of Chicago, 60 F.3d 381, 382-83 (7th Cir. 1995) (affirming district court's dismissal based on plaintiff's failure to adequately describe City policy); Jones v. SABIS Educ. Sys., 52 F.Supp 2d 868, 878-79 (N.D. Ill. 1999).

Horizon Behavioral Care employed the doctor and nurse who were responsible for Clarke's treatment while he was detained at McHenry County Correctional Facility. Regardless of these employees' actions, unless Clarke alleges that this treatment was part of a policy or custom of defendant Horizon, the principle of respondeat superior applies. Clarke has not claimed that the allegedly improper treatment he received from the Horizon employees was due to a company policy or custom. Thus, since there is no respondeat superior liability, defendant Horizon Behavioral Care is dismissed.

Turning to the motion filed by Sheriff Nygren and the Chief of Corrections Steward, the Seventh Circuit stresses that prisoner civil rights cases are not subject to special pleading requirements. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). "A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. The federal rules require . . . only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid." Id. at 439. See also Walker v. Thompson, 288 F.3d 1005, 1011 (7th Cir. 2002) (Ripple, J., concurring) ("[S]o long as the pleading contains facts sufficient to permit the district court and defendant 'to understand the gravamen of the plaintiff's complaint,' it satisfies notice pleading requirements." (quoting Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999); Kirskey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999) ("All that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is, ordinary, non-legalistic) English, of the legal claim . . . .").

In his complaint, Clarke states the cause of his injury and who was allegedly responsible for that injury. He asserts deliberate indifference in Nygren and Steward's failure to correct a known defect in the water system.[1] Of course if either of them did not have personal knowledge of the defect he cannot be liable based on deliberate indifference. From the information provided, both the Court and the defendants can understand the nature of Clarke's claim. As evidenced by the authority listed, the plaintiff must only meet a very low threshold in order to satisfy the requirements of notice pleading. Consequently, the motion to dismiss for failure to state a claim is denied.

---

[1] While Clarke recites at some points in his complaint that Nygren and Steward were acting in their official capacity, the allegations state a deliberate indifference claim and the court will treat Clarke's claims against Nygren and Steward as individual capacity claims. If Clarke's intent is to sue Nygren and Steward in their official capacity, Clarke shall amend his complaint prior to the next appearance before the Magistrate Judge on June 27, 2003.